IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02248-BNB

CHARLES ELMER ROUSH,

    Applicant,

v.

STATE OF COLORADO, OFFICE OF THE CLERK, U.S. DISTRICT COURT,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO TRANSFER

Applicant, Charles Elmer Roush, currently is held at the C.C.A. Detention Center in Leavenworth, Kansas. Mr. Roush, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must liberally construe the Application filed by Mr. Roush because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Mr. Roush asserts that he was arrested and placed at the C.C.A. Detention Center on April 28, 2010, and that he has not been charged with a crime or appeared before a magistrate judge in violation of his Sixth, Ninth, and Fourteenth Amendment rights. Mr. Roush also claims that 18 U.S.C. § 3161(h)(1)(F) requires that he be

transferred within ten days, and that the violation of § 3161(h)(1)(F) is unreasonable.[1] Mr. Roush seeks dismissal of his case, arguing that under 18 U.S.C. § 3162(a)(2)[2] the information should be dismissed because he has not been tried within the time required. He also seeks money damages.

The Court has reviewed all federal district court dockets and finds no criminal action in which criminal charges have been filed against Mr. Roush.

On August 9, 1985, Mr. Roush was convicted in this Court of inducing a minor to engage in sexually explicit conduct and of knowingly mailing visual depictions of minors engaged in sexually explicit conduct. *See United States v. Roush*, No. 84-cr-00365-PSF (D. Colo. Apr. 22, 1985). The Court sentenced Mr. Roush to a term of twenty years. Mr. Roush violated his first parole in 1992; violated a second parole in 1994; remained at large for almost eight years; and violated a third parole in 2003. On August 14, 2003, Roush was arrested for violating the special conditions of his parole including possessing pornographic material and accessing pornographic material through the internet. The Court also notes that on the United States Bureau of Prisons Website Inmate Locator section lists Mr. Roush as an escapee with an unknown location.

It is not clear from the application why Mr. Roush is being held in custody. Mr. Roush states on Page One of the application form that the "crime committed was done

---

[1] Although Mr. Roush also cites to 18 U.S.C. § 3162(b)(H) in support of his claim that the time he has been held without being transported violated federal statutes, there is no subparagraph "H" under § 3162(b).

[2] Mr. Roush cites to § 3162(a)(2)(b)(H) as the basis for the dismissal of an information in a possible criminal case that may be brought in Colorado. The citation is incorrect ,and the Court finds that Mr. Roush appears to be relying on § 3162(a)(2) for his claim that any information brought in a possible criminal case should be dismissed.

in Colo. Sprgs., CO," but he does not specify the criminal proceeding he is challenging. Mr. Roush may be subject to state criminal charges in Colorado, federal escape charges, or a parole violation in federal Case No. 84-cr-00365-PSF.

Mr. Roush was incarcerated in a federal prison in Kansas when he filed this habeas corpus action pursuant to 28 U.S.C. § 2241. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Furthermore, because a petition pursuant to § 2241 must be filed in the district in which the prisoner is confined, *see Howard v. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007), the District of Colorado is not a "court in which the action . . . could have been brought at the time it was filed," 28 U.S.C. § 1631. Because Mr. Roush is challenging his current detention in the State of Kansas, this action should have been filed in the United States District Court for the District of Kansas. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (holding that a § 2241 application for a writ of habeas corpus "must be filed in the district where the prisoner is confined").

This Court finds that the interests of justice would be served by transferring this action to the District of Kansas. Accordingly, it is

ORDERED that the Application and the action shall be transferred to the United States District Court for the District of Kansas at the Robert J. Dole United States Courthouse, 500 State Avenue, Room 259, Kansas City, KS 66101-2400.

DATED at Denver, Colorado, this 10th day of November, 2010.

BY THE COURT:

_/s/ Zita Leeson Weinshienk_
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02248-BNB

Charles Elmer Roush
Reg No. 18717-013
CCA/DTC
100 Hiway Terrace
Leavenworth, KS 66048

Copy To:
Docketing Division for Electronic Transfer

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/12/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk